IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY COOK, SR., | § | |
| | § | |
| Defendant Below, | § | No. 675, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0608025757 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 10, 2016
Decided: March 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 29th day of March 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Leroy Cook, Sr., filed this appeal from a Superior Court order denying his motion for reduction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Cook's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Cook pled guilty to Rape in the Second Degree on January 8, 2008. Cook was sentenced to twenty-five years of Level V

incarceration, suspended after twelve years for deceasing levels of supervision. Cook did not appeal the Superior Court's judgment.

(3)     On September 10, 2015, Cook filed a motion for reduction of sentence. Cook argued that his sentence should be reduced because he suffers from sarcoidosis and the prison medical director refuses to transfer Cook to a climate-controlled unit as recommended by Cook's neurologist to reduce the risk of seizures triggered by the heat.   At the direction of the Superior Court, the Department of Correction ("DOC") responded to Cook's motion.  The DOC described the medical care Cook was receiving and contended that Cook's medical condition did not constitute extraordinary circumstances warranting a reduction of sentence under Superior Court Criminal Rule 35(b).  The DOC further argued that Cook's medical condition was best addressed under 11 *Del. C.* § 4217, which permits sentence reduction if the DOC certifies that an inmate has a serious medical illness and that release of the inmate shall not constitute a substantial risk to the community or the inmate.

(4)     Cook responded to the DOC's letter, contending that it contained false information and that he had been informed that the DOC had denied his request for sentence reduction under Section 4217.  The DOC informed the Superior Court that the Section 4217 process was still ongoing, but, as previously indicated, Cook's poor disciplinary record and the nature of his crime, made it questionable whether the

DOC could certify that his release would not constitute a substantial risk to the community as required by Section 4217.

(5) In an order dated November 10, 2015, the Superior Court denied Cook's motion. This appeal followed. As he did below, Cook argues that his sentence should be reduced because of his medical condition and the DOC's refusal to transfer Cook to a climate-controlled unit. Cook also contends that the Superior Court should have held an evidentiary hearing, the DOC correspondence was filed in bad faith and without documentary support, and the DOC's refusal to provide him with adequate medical treatment constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

(6) We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[1] To the extent the claim involves a question of law, we review the claim *de novo*.[2] Superior Court Criminal Rule 35(b) provides that a motion for reduction of sentence that is not filed within ninety days of sentencing (such as Cook's motion) will only be considered in extraordinary circumstances or pursuant to 11 Del. C. § 4217.

(7) The Superior Court did not err in denying Cook's motion for reduction of sentence. There is no indication that the DOC has deprived Cook of adequate

---

[1] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).
[2] *Id.*

3

medical care or cannot provide Cook with adequate medical care. While one of Cook's doctors has opined that Cook should be moved to a climate-controlled area so he is not exposed to temperatures over 88 or 95 degrees (both figures appear in the doctor's letters) for prolonged periods of time, there is no evidence in the record that Cook has been exposed to such temperatures for a prolonged period of time. Also, as the Superior Court noted, Cook's medical condition was under review by the DOC for a possible application under Section 4217, although it was questionable whether the DOC could make the required certification in light of Cook's behavior. Cook has not shown extraordinary circumstances sufficient to overcome the ninety-day time bar of Rule 35(b).

(8) As to Cook's contention that the Superior Court should have held an evidentiary hearing, Cook did not request an evidentiary hearing in the Superior Court or demonstrate good cause for the Superior Court to conduct a hearing *sua sponte*. Cook's claim that he is entitled to relief due to the alleged bad faith of the DOC in responding to his motion for reduction of sentence is also without merit. Finally, Cook's cruel and unusual punishment claims were not raised in the proceedings below and are not supported by the record.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice